# EXHIBIT B

# IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

**ESTATE OF DION LAMAR TAYLOR**
c/o Teisha D. Cook
Personal Representative                             *
3207 West Rogers Avenue
Baltimore, MD 21209                                 *

    *Plaintiff,*                                *

v.                                                  *    Case No.: _____

**OFFICER TRAE CORBIN**                             *
(individually, and in his official capacity as
a police officer)                                   *
Baltimore County Police Department
700 East Joppa Road                                 *
Towson, Maryland 21286
                                                   *

AND
                                                   *

**OFFICER GERSHOM BYRNES**
(individually, and in his official capacity as      *
a police officer)
Baltimore County Police Department                  *
700 East Joppa Road
Towson, Maryland 21286                              *

AND                                                 *

**BALTIMORE COUNTY POLICE**                         *
**DEPARTMENT**
Serve On: Legal Department                          *
700 East Joppa Road
Towson, Maryland 21286                              *

AND                                                 *

**MELISSA R. HYATT**                                *
Chief of Police
Baltimore County Police Department                  *
700 East Joppa Road
Towson, Maryland 21286                              *

    *Defendants.*                               *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

## COMPLAINT

COMES NOW, The Estate of Dion Taylor ("Plaintiff" and/or "Taylor"), by and through Teisha D. Cook, the personal representative of the foregoing Estate, by his attorneys Tiffani S. Collins, Esquire and Collins Legal Group, LLC hereby file this this Complaint against Gershom Byrnes ("Byrnes"), Trae Corbin ("Corbin"), Baltimore County Police Department ("BCPD"), and Melissa Hyatt ("Hyatt"), (collectively, "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case.

2. Baltimore City is the proper venue for this action pursuant to Maryland Code Ann., Courts & Judicial Proceeding Article §§ 6-201 and 6-202 as the occurrence which gives rise to this suit occurred in Baltimore City.

3. Plaintiff has provided timely notice to the appropriate Defendants pursuant to the Local Government Tort Claims Act, Maryland Code Ann., Courts & Judicial Proceeding Article § 5-401.

## PARTIES

4. Dion Lamar Taylor (hereinafter "Taylor"), the decedent, was a resident of Baltimore City, Maryland at all times relevant to this Complaint.

5. Defendant Gershom Byrnes (hereinafter "Defendant Byrnes"), at all times relevant to this Complaint, was a police officer employed by the Baltimore County Police Department. As a police officer, he acted as an agent, servants, and/or employee of the Baltimore County Police Department and acted within the scope of his employment and under the color of state law. Defendant Byrnes is sued in his individual and official capacities.

6. Defendant Trae Corbin (hereinafter "Defendant Corbin"), at all times relevant to

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

this Complaint, was a police officer employed by the Baltimore County Police Department. As a police officer, he acted as an agent, servants, and/or employee of the Baltimore County Police Department and acted within the scope of his employment and under the color of state law. Defendant Corbin is sued in his individual and official capacities.

7. Defendant Melissa R. Hyatt (hereinafter "Hyatt") is and was, at all times relevant to this Complaint, the Chief of Police for Baltimore County Police Department. Defendant Hyatt is and was the commanding and supervising officer of Defendants Corbin and Byrnes.

8. Defendant Baltimore County Police Department (hereinafter "BCPD") is and was, at all times relevant to this Complaint, a law enforcement agency in Baltimore County Maryland. Defendant BCPD maintains its primary place of business in Baltimore County Maryland.

## FACTS COMMON TO ALL COUNTS

9. On January 6, 2019, Mr. Taylor was a rear seat passenger in a vehicle being pursued by BCPD on Northern Parkway in Baltimore City, Maryland.

10. Defendants Corbin and Byrnes, BCPD officers acting under the direction of Defendant Hyatt, were operating separate BCPD cruisers pursuing the vehicle in which Mr. Taylor was a passenger

11. As the vehicles approached the intersection of Northern Parkway and Highgate Drive, the vehicle in which Mr. Taylor was riding slowed down nearly to a stop and Mr. Taylor attempted to exit the vehicle.

12. Before Mr. Taylor could get completely out of the vehicle Defendant Byrnes, unlawfully using his police cruiser as a weapon, rammed his cruiser into the rear of the vehicle. The force of this impact was so severe Mr. Taylor was thrown back inside of the vehicle and Defendant Byrnes vehicle was immediately disabled.

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

13. After the collision, Mr. Taylor exited the vehicle and begin to run south on Highgate Drive.

14. While Mr. Taylor was running, Defendant Corbin, still operating his BCPD cruiser, turned onto Highgate Drive to pursue Mr. Taylor who was now on foot.

15. Defendant Corbin was traveling in the wrong direction on a one-way street with parked vehicles on both sides.

16. As her pursued Mr. Taylor, Defendant Corbin, unlawfully used his police cruiser as a weapon as he struck Mr. Taylor with the cruiser.

17. When Mr. Taylor did not stop running, Defendant Corbin again, unlawfully used his cruiser to strike Mr. Taylor, and subsequently knocked Mr. Taylor to the ground before running him over.

18. Defendant Corbin pinned Mr. Taylor to the ground under his cruiser before bringing his cruiser to a stop.

19. Mr. Taylor was pronounced deceased at the scene.

20. As a result of the Defendants' misconduct, Mr. Taylor sustained severe physical, emotional and psychological injuries, and ultimately death.

## CAUSES OF ACTION

### COUNT I: Maryland Declaration of Rights Article 24 – Excessive Force
### (All Defendants)

Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

21. Defendants violated the Plaintiff's civil rights and due process rights as set forth in the Declaration of Rights of the Maryland State Constitution. They committed intentional acts of misconduct, and employed excessive force upon Plaintiff, by unreasonably striking the body

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

of Plaintiff with a vehicle without a lawful justification under circumstances where no reasonable officer would have assaulted Plaintiff.

22. Defendants Brynes and Corbin acted under the direction of Defendant Hyatt as BCPD's agents, servants, and/or employees, when they employed excessive force by assaulting and ultimately killing Mr. Taylor.

23. As a direct and proximate result of these acts, Mr. Taylor suffered severe physical, emotional and psychological injuries, and ultimately death as previously set forth herein.

24. Defendants' conduct lacked any legal rationale and premised on actual malice and ill will.

25. Defendants' intended to harm Plaintiff when they employed excessive force by assaulting and ultimately killing Mr. Taylor without a lawful justification.

**WHEREFORE,** Plaintiff demands this Court enter against the Defendants, jointly and severally, in an amount greater than $75,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus attorneys' fees, costs and expenses of this lawsuit, and other such relief that this Court deems proper.

### COUNT II: Battery
### (Against Defendants Brynes and Corbin)

Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

26. Defendants' unreasonably, unlawfully, and without legal justification assaulted and then killed Mr. Taylor.

27. Mr. Taylor did not consent to being assaulted or killed.

28. Defendants' conduct lacked any legal rationale and was undertaken maliciously, with the intent to inflict an injury upon Mr. Taylor. Defendants acted with improper motivation

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

and with ill will.

29. Defendants acted under the direction of Defendant Hyatt as BCPD's agents, servants, and/or employees, when they assaulted and killed Plaintiff.

30. As a direct and proximate result of these acts, Mr. Taylor sustained the severe physical, emotional and psychological injuries, and ultimately death as set forth herein.

**WHEREFORE,** Plaintiff demands this Court enter against the Defendants, jointly and severally, in an amount greater than $75,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus attorneys' fees, costs and expenses of this lawsuit, and other such relief that this Court deems proper.

## COUNT III: Civil Conspiracy
### (Against Defendants Brynes and Corbin)

Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein

31. Defendants agreed, amongst themselves, and with others, to unlawfully conceal the truth about the circumstances surrounding Mr. Taylor's injuries, to fabricate a story about actions taken by Plaintiff during the arrest and to obstruct the administration of justice.

32. Defendants Brynes and Corbin had an independent stake in the outcome this conspiracy because they sought to protect themselves from personal criminal liability and personal civil liability regarding the unlawful arrest and illegal use of excessive force against Plaintiff.

33. Plaintiff suffered the damages previously alleged herein as a direct and proximate result of this conspiracy.

**WHEREFORE,** Plaintiff demands this Court enter against the Defendants, jointly and severally, in an amount greater than $75,000.00 in compensatory damages and $1,000,000.00 in

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

punitive damages, plus attorneys' fees, costs and expenses of this lawsuit, and other such relief that this Court deems proper.

### COUNT IV: Negligent Hiring, Training & Supervision
### (Against Defendants Hyatt and Baltimore County Police Department)

Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

34. Defendants Hyatt and BCPD maintained a duty to use reasonable care in hiring, training, and supervising individuals competent and fit to perform the duties of a police officer.

35. Defendants Hyatt and BCPD knew or should have known that the identified and unidentified officers in this Complaint proved unfit for their assigned duties because they unlawfully and unconstitutionally employed excessive force, arrested, and imprisoned the Plaintiff.

36. Defendants Hyatt and BCPD knew or should have known that the identified and unidentified officers in this Complaint would come into contact with the public. By virtue of Defendants Hyatt and BCPD's negligent hiring, training, and supervision, the risk that the identified and unidentified officers would violate the constitutional rights of Mr. Taylor was foreseeable.

37. As a result of Defendants Hyatt and BCPD's negligence in hiring, training, and supervising the identified and unidentified officers, Plaintiff suffered severe physical, emotional and psychological injuries and ultimately death.

**WHEREFORE,** Plaintiff demands this Court enter against the Defendants, jointly and severally, in an amount greater than $75,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus attorneys' fees, costs and expenses of this lawsuit, and other such relief that this Court deems proper.

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

## COUNT V: Gross Negligence
### (Against All Defendants)

Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

38. Defendants engaged in intentional, willful, and wanton misconduct with a reckless disregard for human life as well as the Plaintiff's rights. They inflicted bodily injury upon Mr. Taylor with utter indifference when they used their police cruisers as weapons to assault and ultimately kill him.

39. As a result of these acts, Plaintiff suffer physical, emotional, mental, and financial injuries and ultimately death.

40. Defendants' conduct lacked legal justification and remained motivated by ill will and actual malice.

**WHEREFORE,** Plaintiff demands this Court enter against the Defendants, jointly and severally, in an amount greater than $75,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus attorneys' fees, costs and expenses of this lawsuit, and other such relief that this Court deems proper.

## COUNT VI: Negligence
### (Against All Defendants)

Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

41. The Defendants owed Mr. Taylor a duty to exercise due care while enforcing the law and to avoid causing unjustified physical or mental injury. Defendants also owed Mr. Taylor a duty to detain and arrest Plaintiff in a safe and reasonable manner.

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

42. The Defendants breached their duties by using their vehicles as weapons to assault and ultimately kill Mr. Taylor.

43. As a result of these acts, Plaintiff sustained physical, emotional, mental, and financial injuries, including, but not limited to, abrasions, contusions, nerve damage, internal organ injury, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and expenses of medical and legal proceedings, lost wages, and other expenses.

44. The Defendants' negligence proximately caused the injuries that Mr. Taylor suffered. They solely caused these injuries without any fault or contributory negligence of the Plaintiff.

**WHEREFORE**, Plaintiff demands this Court enter against the Defendants, jointly and severally, in an amount greater than $75,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus attorneys' fees, costs and expenses of this lawsuit, and other such relief that this Court deems proper.

### COUNT VII: Pattern or Practice of Constitutional Violations
### (Against All Defendants)

Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

45. The Defendants in this Complaint acted under the color of state law when they engaged in a pattern and practice of constitutional violations. Defendants violated the Mr. Taylor's constitutional rights by employing excessive force, and unlawfully depriving them of him life, liberty and property. The Defendants' conduct has been pervasive and persisted for years.

46. Defendant BCPD approved or condoned the actions of the identified officers listed herein.

47. As a result of these acts, Mr. Taylor suffered severe physical, emotional and psychological injuries and ultimately death, including, but not limited to, abrasions, contusions,

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

nerve damage, internal organ injury, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, lost wages and other expenses.

**WHEREFORE**, Plaintiff demands this Court enter against the Defendants, jointly and severally, in an amount greater than $75,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus attorneys' fees, costs and expenses of this lawsuit, and other such relief that this Court deems proper.

### COUNT VIII: Maryland Declaration of Rights Article 24 – Deprivation of Liberty & Property
### (Against All Defendants)

Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

48. The Defendants violated the Plaintiff's civil rights and due process rights as set forth in the Declaration of Rights of the Maryland State Constitution. They committed intentional acts of misconduct, employed excessive force upon Plaintiff, illegally detained and arrested Plaintiff, falsely imprisoned Plaintiff, and unlawfully deprived Plaintiff of their liberty and property.

49. The identified and unidentified officers in this Complaint acted as the BPD's and the State's agents, servants, and/or employees, when they employed excessive force, arrested, detained, and imprisoned the Plaintiff without reasonable suspicion or probable cause to believe they had committed any criminal offenses. Further, the Defendants employed excessive force, detained, arrested, and imprisoned the Plaintiff without legal basis or justification, and Plaintiff did not have the freedom to leave during the detention, arrest, and imprisonment.

50. As a result of these acts, Mr. Taylor suffered severe physical, emotional and psychological injuries and ultimately death, including, but not limited to, abrasions, contusions, nerve damage, internal organ injury, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, lost wages and other expenses. Moreover, Defendants deprived Mr. Taylor of his life, liberty and property without cause, in contravention of the Maryland State Constitution.

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

51. The Defendants' conduct lacked any legal rationale and premised on actual malice and ill will. They intended to harm Plaintiff when they employed excessive force to assault and ultimately kill Mr. Taylor.

**WHEREFORE**, Plaintiff demands this Court enter against the Defendants, jointly and severally, in an amount greater than $75,000.00 in compensatory damages and $1,000,000.00 in punitive damages, plus attorneys' fees, costs and expenses of this lawsuit, and other such relief that this Court deems proper.

Respectfully submitted,
Collins Legal Group, LLC

Tiffani S. Collins, Esquire
AIS No.: 0812180179
20 S. Charles Street, Suite 901
Baltimore, Maryland 21201
O: (410) 462-4529
F: (410) 995-7200
Tiffani@tcollinslaw.com
*Counsel for E/O Dion Taylor*

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

ESTATE OF DION LAMAR TAYLOR     *

    *Plaintiff,*     *

v.     *    Case No.: _____

OFFICER GERSHOM BYRNES, *et al.*     *

    *Defendants.*     *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEMAND FOR JURY TRIAL

Plaintiff, by undersigned counsel, hereby demands a trial by jury.

 

Respectfully submitted,
Collins Legal Group, LLC

/s/ Tiffani S. Collins
Tiffani S. Collins, Esquire
AIS No.: 0812180179
20 S. Charles Street, Suite 901
Baltimore, Maryland 21201
O: (410) 462-4529
F: (410) 995-7200
Tiffani@tcollinslaw.com
*Counsel for E/O Dion Taylor*

COLLINS LEGAL GROUP
20 S. Charles Street
Suite 901
Baltimore, MD 21201
O: (410) 462-4529
F: (410) 995-7200

IN THE CIRCUIT COURT FOR Baltimore City
                                  (City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY: ☒ PLAINTIFF  ☐ DEFENDANT     CASE NUMBER _____
                                                              (Clerk to insert)
CASE NAME: E/O Dion Taylor                vs.   Ofc Trae Corbin, et. al
              Plaintiff                              Defendant

PARTY'S NAME: E/O Dion Taylor c/o Teisha Cook         PHONE: _____
PARTY'S ADDRESS: 3207 West Rogers Avenue, Baltimore, Maryland 21209
PARTY'S E-MAIL: _____

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Tiffani S. Collins, Esquire    PHONE: 410-462-4529
PARTY'S ATTORNEY'S ADDRESS: 20 S Charles Street, Suite 901, Baltimore, MD 21201
PARTY'S ATTORNEY'S E-MAIL: tiffani@tcollinslaw.com

JURY DEMAND? ☒ Yes  ☐ No
RELATED CASE PENDING? ☐ Yes  ☐ No  If yes, Case #(s), if known: _____
ANTICIPATED LENGTH OF TRIAL?: ____ hours  3 days

### PLEADING TYPE

New Case:       ☒ Original        ☐ Administrative Appeal    ☐ Appeal
Existing Case:  ☐ Post-Judgment   ☐ Amendment

*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: ____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☒ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)                Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☒ Liability is seriously in dispute.

**MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)**

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation      ☐ Yes  ☐ No         C. Settlement Conference  ☐ Yes  ☐ No
B. Arbitration    ☐ Yes  ☐ No         D. Neutral Evaluation     ☐ Yes  ☐ No

**SPECIAL REQUIREMENTS**

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

**ESTIMATED LENGTH OF TRIAL**

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*     *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☐ 2 days of trial time

**BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM**

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of Defendant's response          ☐ **Standard** - Trial within 18 months of Defendant's response

**EMERGENCY RELIEF REQUESTED**

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited — Trial 60 to 120 days from notice. Non-jury matters.
☐ Civil-Short — Trial 210 days from first answer.
☒ Civil-Standard — Trial 360 days from first answer.
☐ Custom — Scheduling order entered by individual judge.
☐ Asbestos — Special scheduling order.
☐ Lead Paint — Fill in: Birth Date of youngest plaintiff_____.
☐ Tax Sale Foreclosures — Special scheduling order.
☐ Mortgage Foreclosures — No scheduling order.

### CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited (Trial Date-90 days) — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard (Trial Date-240 days) — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard (Trial Date-345 days) — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex (Trial Date-450 days) — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.

January 4, 2021
Date

20 South Charles Street, Suite 901
Address

Baltimore    MD    21201
City         State  Zip Code

Signature of Counsel / Party

Tiffani S. Collins, Esquire
Printed Name

CC-DCM-002 (Rev. 04/2017)          Page 3 of 3